**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CRIMINAL ACTION NO. 5:98-cr-00135-04

GREGORY TODD POOLE,

        Defendant.

**REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER**

On March 30, 2009, the Defendant, Gregory Todd Poole, appeared in person and by counsel, S. Mason Preston, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* submitted by the Defendant's supervising probation officer. The United States was represented at the hearing by John L. File, AUSA. United States Probation Officer Douglas W. Smith was also present at the hearing.

On January 11, 1999, the Defendant was sentenced to a term of imprisonment of 120 months to be followed by a 3-year term of supervised release. The Defendant began serving the term of supervised release on May 2, 2007. On February 19, 2009, the *Petition for Warrant or Summons for Offender Under Supervision* [Docket 206] was filed charging the Defendant with violating certain conditions of supervised release.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition*, and that the evidence against the Defendant had been disclosed. The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Petition*, specifically:

1) **Violation of Standard Condition: The defendant shall not commit another federal, state or local crime**: On January 2, 2009, [the defendant] was arrested by members of the Greenbrier County Sheriff's Department and charged in Greenbrier County Magistrate Court with driving under the influence and speeding. The [defendant] admitted to [his] probation officer that he consumed beer and cognac prior to operating the motor vehicle and being arrested. On January 20, 2009, [the defendant] was arrested by members of the Greenbrier County Sheriff's Department and charged in Greenbrier County Magistrate Court with driving under the influence. The [defendant] admitted to [his] probation officer that he had consumed whiskey prior to operating the motor vehicle and being arrested[;]

2) **Violation of Standard Condition Number 9: The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission by the probation officer**: On January 22, 2008, [the defendant] admitted to [his] probation officer that he was associating with Derek Freeman, who is a convicted felon and co-defendant in this case (5:98-CR-00135-004). The [defendant] admitted that he did meet with Mr. Freeman at a hotel just prior to the arrest for driving under the influence on January 20, 2008[; and]

3) **Violation of Standard Condition Number 14: The defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician**: On March 3, 2008, [the defendant] was confronted regarding the results of three separate urine screens that had tested invalid. At that time the [defendant] denied intentionally diluting his urine, but did admit that he had used marijuana in the previous month. A urine specimen provided by the [defendant] on November 21, 2008 tested positive for marijuana. On that same date, [the defendant] was confronted with the positive urine screen result, denied using marijuana, and reported he was in a vehicle with someone who was smoking marijuana.

In making these findings, the Court relied upon the information contained in the *Petition* and the Defendant's statement that he does not dispute the violation contained therein.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **7 MONTHS**. The Defendant shall be given credit for time served as

appropriately calculated by the Bureau of Prisons. Upon release from prison, the Defendant shall be placed on supervised release for a term of **48 MONTHS**. Within 72 hours of release from custody, the Defendant shall report in person to the United States Probation Office in the district to which the Defendant is released. While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. The Defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the Defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer.

The Defendant was remanded to the custody of the United States Marshal.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 9, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE